## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MELVIN R. KERCHEE, JR.** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-10-1128-R** |
| | ) | |
| **JUSTIN JONES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, challenging his state court conviction on two counts of rape in the District Court of Comanche County. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On January 7, 2011, Judge Argo issued a Report and Recommendation, wherein he recommended that the Respondent's Motion to Dismiss be granted and that the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's Motion for Rehearing and Reconsideration to the Magistrate Judge's Report and Recommendation of January 7, 2011, which the Court construes as a timely objection to the Report and Recommendation. As a result of Petitioner's timely objection, the Court is obliged to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Petitioner makes specific objection by citing to particular pages and lines on those pages. The Court will not address the objections in this same manner, but rather will consider the substance of each of

Petitioner's arguments, many of which are repetitive. Having conducted the *de novo* review, the Court finds as follows.

In the Report and Recommendation, Judge Argo noted the statutory time for filing a federal habeas corpus action of one year, and the time for the starting of the one-year limitations period. *See* 28 U.S.C. § 2254(d)(1)(A)-(D). He concluded that the time for filing a petition under 28 U.S.C. § 2254 had run, and that Petitioner is not entitled to statutory or equitable tolling. Petitioner contends the Report and Recommendation fails to sufficiently consider 28 U.S.C. § 2244(d)(1)(B), which provides that the one year statute of limitations period runs from the latest of:

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

Petitioner further contends that the Report and Recommendation failed to consider all of the reasons he argued in support of his request for tolling of the statute of limitations period. Petitioner listed eleven reasons for tolling the statute of limitations: (1) living in a potentially hostile and harmful environment because of the nature of his convictions has hampered his ability to pursue habeas corpus relief: (2) constitutional violations; (3) properly filed motions to this court and to state courts; (4) direct appeal rehearing that he could not file *pro se* and that retained appellate counsel failed to file; (5) conflicts of interest in the Oklahoma Court of Criminal Appeals; (6) actual and factual innocence; (7) 20 day tolling time for rehearing; (8) miscarriage of justice; (9) denial of right to counsel on direct appeal/rehearing, retained or appointed; (10) legal work confiscated and delays by prison personnel; and (11)

institutional accounting personnel not acting or answering his requests. Petitioner asks that

the Court deny Respondent's motion to dismiss and consider the merits of his habeas corpus

petition.

The first question to be addressed is when the statute of limitations period began to

run. As noted in the Report and Recommendation, the one-year limitations period runs from

the latest of --

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was prevented
> from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Judge Argo recommended that the Court utilize §

2244(d)(1)(A), with a start date of August 19, 2007, ninety days after the Oklahoma Court

of Criminal Appeals affirmed Petitioner's conviction. Petitioner argues for application of

§ 2244(d)(1)(B), asserting that certain state created impediments prevented him from filing

a timely habeas corpus petition. Petitioner does not identify any specific date on which the

state-created impediment or impediments were removed, and in fact he argues that some

impediments remain. Presumably, to the extent he would agree that at least some impediments have been eliminated, he would argue that the date was within year prior to the filing of the instant application.

Having reviewed the objection to the Report and Recommendation and the original filings submitted by Plaintiff before Judge Argo, the Court finds no basis for consideration of § 2244(d)(1)(B), (C) or (D),[1] as the starting of the statute of limitations period. Reviewing the eleven arguments in support of tolling reveals that most are not state-created impediments. Specifically, Petitioner remains a convicted sex offender, and his status as such, and the dangers he may face in prison as a result thereof, are not impediments created by the State.[2] Indeed, without any intervention in this regard Petitioner was able to file a habeas corpus petition and a multitude of state court filings. Petitioner alleges "constitutional violations" as a basis for application of § 2244(d)(1)(B). Without more specific allegations the Court cannot conclude that the State violated Petitioner's constitutional rights in a manner that precluded him from filing a habeas corpus petition. Petitioner also cites properly filed motions in state and federal court, however, such filings provide no basis for relying on § 2244(d)(1)(B), nor do an alleged conflict by a judge on the Oklahoma Court of Criminal Appeals, the request for tolling for an additional twenty days during which Petitioner could have sought rehearing, the alleged unspecified miscarriage of justice, or the denial of counsel

---

[1] Petitioner does not argue in favor of applying § 2244(d)(1)(C) or (D).

[2] Petitioner repeatedly emphasizes that because of the nature of his convictions he must avoid letting others see his legal work which reduces the opportunities to receive assistance with his filings.

with regard to an attempt to win rehearing.  The only two grounds listed in the objection that

potentially implicate § 2244(d)(1)(B) are the allegation that Petitioner's legal work was

confiscated by prison officials and his complaint that institutional personnel did not respond

to certain requests regarding his in forma pauperis status.  Having reviewed the record,

however, the Court finds no basis for using these allegations to support application of §

2244(d)(1)(B). Petitioner alleges that the confiscation of his legal materials occurred starting

in September 2008 and continuing into February 2009.  This does not account for his failure

to seek federal habeas corpus relief prior to that time.  His allegations regarding his need to

substantiate his financial condition arose at approximately the same time, and similarly

provide no basis for utilizing § 2244(d)(1)(B) either.

As such, the Court concludes that the statute of limitations in this action is governed

by 28 U.S.C. § 2244(d)(1)(A), and that the one-year period began to run when Petitioner's

conviction became final.  The  Oklahoma Court of Criminal Appeals affirmed Petitioner's

conviction on May 21, 2007.  According to Petitioner retained counsel was to file for

rehearing, specifically permitted by Oklahoma Court of Criminal Appeals Rule 3.15.[3]  There

is no dispute that no timely petition for rehearing was filed. As such, Petitioner's conviction

became final ninety-days after the decision on his direct appeal, August 19, 2007, and he had

one year from that date in which to seek relief under § 2254.  To avoid dismissal of the

---

[3] Rule 3.14 permits a petition for rehearing for only two reasons:
(1) Some question decisive of the case and duly submitted by the attorney of record has been
overlooked by the Court, or
(2) The decision is in conflict with an express statute or controlling decision to which the attention of
this Court was not called either in the brief or in oral argument.

instant petition, Petitioner must establish a basis for either statutory or equitable tolling to extend the statute of limitations period beyond August 19, 2008.

Judge Argo considered and rejected Petitioner's argument that he was entitled to statutory tolling. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Nothing in the objection, including Petitioner's arguments regarding the twenty-day window for seeking rehearing, persuades this Court that Petitioner is entitled to any statutory tolling. Statutory tolling is permitted only when there are properly filed applications for State post-conviction or other collateral review filed before expiration of the one-year statute of limitations period. No such documents were filed in this case, and accordingly, Petitioner cannot rely on statutory tolling to avoid dismissal of this action. Petitioner's claims will be permitted to proceed only if he can establish that he is entitled to equitable tolling, an issue Judge Argo addressed and rejected.

The Supreme Court has concluded that § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549 (2010). The Court noted that a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 2563 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). Petitioner contends that he has diligently pursued his rights and that extraordinary circumstances, as listed above, prevented his timely filing. As such, the Court

again turns to the list of reasons set forth in the objection to the Report and Recommendation.

Judge Argo considered certain of these arguments in the Report and Recommendation. He concluded that with regard to the disbarment of Petitioner's direct appeal counsel and counsel's failure to file a request for rehearing, that Petitioner had not established that he was entitled to equitable tolling.[4] The Report and Recommendation squarely and correctly addresses whether counsel's alleged deficiencies in not seeking a rehearing of the direct appeal support application of equitable tolling. The Court agrees with Judge Argo's conclusion that they do not. The Court notes Petitioner's vehement contention that he retained Mr. Gassaway to file for rehearing. The exhibit to which Petitioner cites is a letter from direct appeal counsel to Petitioner's wife bearing handwritten notes that indicate counsel "may" petition for rehearing. Regardless, as concluded by Judge Argo, Petitioner has failed to establish that it was reasonable to wait over a year to inquire about whether a rehearing had been requested or if so had been subject to ruling, and that Petitioner failed to establish that he diligently pursued habeas corpus relief.[5]

Judge Argo also addressed Plaintiff's contention that the confiscation of his legal papers and mail impeded his ability to timely file a claim. Again, the Court has reviewed the Report and Recommendation and the objection thereto with regard to this argument and finds

---

[4] Petitioner was represented on direct appeal by an attorney who was disbarred on June 17, 2008, approximately one year after he was allegedly to have sought rehearing from the Oklahoma Court of Criminal Appeals. Petitioner contends he learned of the disbarment in July 2008, which sparked him to action.

[5] Petitioner contends that he and his wife inquired of counsel who did not respond. The Court concludes it is unreasonable to continue to inquire of someone who does not respond rather than seeking the information via alternative channels.

no basis for extending equitable tolling to Petitioner on this basis. Documents submitted by Petitioner complain about denial of access to his legal materials after September 2008, without explaining why a federal habeas corpus petition could not have been filed before that date. Furthermore, Petitioner states in his objection that impediments to filing continue to exist despite his ability to file hundreds of pages in response to the Respondent's motion to dismiss.

Judge Argo also addressed Petitioner's contention that he is actually innocent, which can support a claim for equitable tolling. Judge Argo correctly concluded that Petitioner has failed to make a colorable claim of actual innocence.[6] The evidence he presents in support of his claim of innocence, most notably his wife's comments about his sexual dysfunction, is not new evidence and was fully available to him before he filed the instant action.

The remaining grounds asserted by Petitioner but not addressed as specifically by Judge Argo similarly do not afford Petitioner the avenue of equitable tolling either. The fact that Petitioner was convicted of raping two girls and that such crimes may make him more vulnerable while incarcerated does not support a finding that the statute of limitations period should be equitably tolled. Petitioner filed numerous motions in state and federal court without any obvious impediment caused by the nature of his conviction. Petitioner's contention that certain unspecified constitutional violations have occurred is similarly unavailing. Filing motions in state and federal court, which can provide a basis for statutory

---

[6] The Court notes that in asserting actual innocence as a basis for equitable tolling that a petitioner need not establish diligent pursuit of the claim of actual innocence. *Lopez v. Trani*, — F.3d —, 2010 WL 492389, *3 (10th Cir. Dec. 6, 2010).

tolling in some cases, is not a basis for equitable tolling. The alleged conflict of interest of a judge on the Oklahoma Court of Criminal Appeals does not provide a basis for equitable tolling either.[7] Petitioner contends, without elaboration, that not tolling the statute of limitations will result in a miscarriage of justice. The Court, however, has reviewed Judge Argo's conclusion that Petitioner has failed to present sufficient evidence to establish that he is actually innocent. Petitioner may not otherwise establish a miscarriage of justice.

Petitioner's contention that he was denied constitutionally mandated counsel on direct appeal re-hearing and thus is entitled to equitable tolling is without merit as well. There is no constitutional right to counsel beyond the first appeal of right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Further, although Petitioner contends that appellate counsel was to file a petition for rehearing, as noted above, the evidence submitted in support of his request for equitable tolling indicates only that counsel "may" file such a petition.[8] There is no evidence of any attempt by Petitioner or his wife to discern, other than by futile inquiries from the afore-mentioned counsel, whether such a petition was filed in this case. Further, when Petitioner discovered in July 2008 that counsel had been dis-barred, he did not immediately seek post conviction relief in state court, but rather continued to attempt re-hearing. A state post-conviction application filed in July or

---

[7] Prior to his trial the assigned judge was elevated to the Oklahoma Court of Criminal Appeals and a new trial judge was assigned to Petitioner's case. Petitioner contends that this created a conflict and that said conflict provides a basis for delay or tolling of the statute of limitations.

[8] Petitioner contends use of the term "may" was to indicate that permission had been given to counsel to seek rehearing. The Court finds no indication in the record as to what grounds were to be raised on rehearing.

early August 2008 would have been sufficient to stop the statute of limitations clock during its pendency. Petitioner does not explain his choice in this regard.

Finally, as noted above, Petitioner has failed to establish that the alleged confiscation of his legal work in September 2008 precluded the timely filing of his petition for habeas corpus, the time for filing such having already expired when Petitioner alleges that prison personnel took possession of his possessions. The Report and Recommendation correctly concludes that Petitioner has failed to establish that he is entitled to equitable tolling on the basis of the action or inaction of prison personnel.

The Court has conducted the requisite *de novo* review of Petitioner's objection to the Report and Recommendation. Having done so, the Court finds that the instant petition was not timely filed, and therefore, the Respondent's motion to dismiss is granted. The Report and Recommendation is hereby adopted and this matter is dismissed.

IT IS SO ORDERED this 27th day of January 2011.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE